IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 19-61482-CIV-ALTMAN/HUNT

CYNTHIA CORRENTE,

    Plaintiff,

v.

ANDREW SAUL,
Commissioner of Social Security,

    Defendant.

_____/

## **ORDER**

This CAUSE is before this Court on Plaintiff's Motion for Summary Judgment, ECF No. 23, and Defendant's Motion for Summary Judgment, ECF No. 26. Having carefully reviewed the motions, the responses, the entire case file and applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Summary Judgment, ECF No. 23, be DENIED, and Defendant's Motion for Summary Judgment, ECF No. 26, be GRANTED.

## **PROCEDURAL HISTORY**

Plaintiff filed a claim for Social Security Disability Insurance Benefits on January 11, 2016. Plaintiff's claim alleges disability beginning on November 1, 2015. Plaintiff's claims were denied initially and upon reconsideration. On June 7, 2018, an administrative law judge ("ALJ") issued an unfavorable decision to Plaintiff. Plaintiff's request for review was denied by the Appeals Council on April 17, 2019. Plaintiff now seeks judicial review of the ALJ's decision.

## STANDARD OF REVIEW

Judicial review of the ALJ's decision in a disability case is "limited to an inquiry into whether there is substantial evidence to support the findings of the [ALJ], and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d, 1219, 1221 (11th Cir. 2002) (citing 42 U.S.C. § 405(g)). Whether the ALJ applied the correct legal standards is a question of law, which this Court reviews *de novo. Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, "taking into account evidence favorable as well as unfavorable to the decision." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the court may not reweigh the evidence or substitute its judgment for that of the ALJ*. Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). Even if the evidence preponderates against the ALJ's decision, the reviewing court must affirm if the decision applies the correct legal standard and is supported by substantial evidence. *Id.* (citing *Phillips*, 357 F.3d at 1240 n.8).

## ANALYSIS

Plaintiff makes three arguments in support of her request to reverse the ALJ's decision or remand this case for further proceedings. Each argument is addressed below.

I.  Failure to evaluate fibromyalgia under Social Security Ruling 12-2p

Here, Plaintiff's primary complaint appears to be that the ALJ did not properly determine that Plaintiff's fibromyalgia was a medically determinable impairment, thus committing error under SSR 12-2p.  Plaintiff cites as relevant the portion of the ALJ's determinations that states:

> I find that the claimant's impairment of fibromyalgia is not severe. . . [.] A review of the medical evidence indicates that the claimant has a history of fibromyalgia, which was treated by a rheumatologist.  However, the objective medical evidence does not support the pain or symptoms alleged by the claimant. . . [.] Based on the foregoing, I find that there is no persuasive evidence in the record to establish that fibromyalgia or any symptoms arising thereof continuously cause significant limitations.  Thus, while the claimant has been diagnosed with fibromyalgia in the past, I find that it does not affect the claimant's ability to perform basic work-related functions, and therefore considered non-severe.

ECF No. 29 at 2.

Defendant counters that SSR 12-2p concerns only the determination that fibromyalgia is a medically determinable impairment, and that the ALJ did indeed find that Plaintiff's fibromyalgia was such an impairment, rendering 12-2p irrelevant.  Defendant appears correct in his argument that 12-2p concerns the determination of fibromyalgia as a medically determinable impairment.  *See* SSR 12-2p ("In this Ruling, we describe the evidence we need to establish an MDI of FM and explain how we evaluate this impairment when we determine whether the person is disabled.")  Once fibromyalgia is established as a medically determinable impairment, an ALJ should "consider it in the sequential evaluation process to determine whether the person is disabled."  *Id.*

The question is, then, whether the ALJ did indeed determine that Plaintiff's fibromyalgia was a medically determinable impairment.  The undersigned finds that a fair reading of the ALJ's decision indicates he did.  Although the ALJ did not use the magic

words "medically determinable impairment," he nonetheless did find that Plaintiff's fibromyalgia was an "impairment," and evaluated it in keeping with Step 2 in the evaluation process, which, according to Section VI of 12-2p consists of the following:

> At step 2, we consider whether the person has a "severe" MDI(s). If we find that the person has an MDI that could reasonably be expected to produce the pain or other symptoms the person alleges, we will consider those symptom(s) in deciding whether the person's impairment(s) is severe. If the person's pain or other symptoms cause a limitation or restriction that has more than a minimal effect on the ability to perform basic work activities, we will find that the person has a severe impairment(s).

A reasonable reading of the ALJ's decision indicates that he found Plaintiff's fibromyalgia to be a medically determinable impairment that was non-severe. Although Plaintiff may take issue with that finding, the process by which the ALJ arrived at that finding is not inconsistent with SSR 12-2p. Accordingly, Plaintiff's Motion on this point should be denied.

II. <u>Weight assigned to treating physicians</u>

Plaintiff also argues that the ALJ erred by assigning little weight to the medical opinions given by treating physicians Dr. Aviva Hopkins and Dr. Serge Celestin. The ALJ explained the weight assignments as follows:

> I have taken the opinion of Serge Celestin, M.D., dated September 26, 2017 into account (Exs. 11F/13-17 and 12F). I am assigning little weight to the claimant's own medical source's opinion because it is not explained nor supported by medically acceptable clinical and laboratory diagnostic techniques, and it is inconsistent with the objective and other substantial evidence of record (e.g., EX 4A.) Moreover, I give it little weight because it is internally inconsistent (e.g., the answers to questions #12, #15, and #16 are inconsistent with the answers to questions #7, #8, #9, #10, and #11).

> Finally, I have taken the opinion of Aviva Hopkins, M.D., dated September 27, 2017 into account (Ex. 13F). I am assigning little weight to the claimant's own medical source's opinion because it is not explained nor supported by medically acceptable clinical and laboratory diagnostic techniques, and it is inconsistent with the objective and other substantial evidence of record

4

> (e.g., Exs. 4A, 1F, 2F, 3F, 5F, 8F, and 17F). Moreover, I give it little weight because it is mostly blank.

ECF No. 14 at 21.

Generally, the opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis*, 125 F.3d at 1440. "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241. Generally, more weight should be given to the medical opinion of a source who has had a longer treatment relationship with the patient. 20 C.F.R. § 404.1527(c). If the ALJ does not give substantial or controlling weight to the treating physician's opinion, the ALJ must clearly articulate his or her reasons. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

Plaintiff acknowledges that the crux of the issue is whether the ALJ adequately established good cause for assigning little weight to the treating physicians. Plaintiff takes issue with the ALJ's near-identical initial statements regarding the ALJ's determination, reasoning that "[t]he ALJ's entire rationale for [assigning] little weight . . . rested upon the **identical** generic and non-descript two-sentence explanation (except for cutting/pasting the doctors' names)." ECF No. 23 at 31 (emphasis in original). However, this argument ignores the statements following those explanations, in which specific examples of the issues found problematic by the ALJ are cited.

An examination of those citations demonstrates the substantial evidence underlying the ALJ's determinations. Hopkins' assessment, ECF No. 14 at 466-471, is indeed largely blank. Examples of the questions left unanswered include how many days

per month Plaintiff would likely be absent from work; how much Plaintiff could lift or carry; and how often Plaintiff could use her hands or feet for various tasks. The opinion is largely devoid of any reasoning as to why Plaintiff would be unable to perform tasks with what few limitations were identified. It is, as the ALJ pointed out, mostly blank, and largely uninformative.

A review of the exhibits cited likewise demonstrates a steady improvement of symptoms over time and generally consistent evaluations of Plaintiff's symptoms, including in-depth evaluations by Hopkins. Indeed, the detail of the exhibits stands in stark contrast to the lack of information contained in Hopkins' assessment. Although the ALJ could have included more detail directly in his decision, his citations to the record provide ample evidence to support his weight assignment as to Hopkins.

Regarding Celestin, it appears the ALJ found the doctor's opinion inconsistent with both the initial disability determinations outlined in Exhibit 4A,[1] as well as his own evaluation. Of particular interest is the alleged internal inconsistencies in Celestin's own evaluation. ECF No. 14 at 454–65. An examination of that evaluation demonstrates that the ALJ did indeed have reasons to question the evaluation.

As indicated, the ALJ found problematic the answers to Questions 12, 15, and 16 when compared to Questions 7-10. On Question 12, Celestin found Plaintiff would be unable to maintain attention and concentration for more than five minutes before needing redirection or requiring a break. On Question 15, Celestin indicated that Plaintiff was likely to be off task more than 25 percent of the time. Celestin on Question 16 indicated

---

[1] The undersigned notes that the ALJ may have been referencing Celestin's treatment records of Plaintiff at 4*F*. However, as it is not clear what the ALJ was referring to, and as there is adequate evidence to support the ALJ's findings elsewhere, any inconsistencies in the ALJ's references are not considered.

that Plaintiff would likely be absent three days per month should she return to work full time.

These indications stand in contrast to Celestin's answers to Questions 7-10 on the same sheet. Indeed, Celestin found that Plaintiff would not be limited in her ability to understand, remember, or apply information; interact with others; and adapt and manage herself; and would only be mildly limited in her ability to concentrate, persist, or maintain pace. It is reasonable for the ALJ to question an evaluation in which Plaintiff would have only mild problems concentrating yet be unable to remain on task more than 25 percent of the time. Again, although it would have been better practice for the ALJ to further elaborate on the inconsistencies in the determination, an examination of the cited exhibits demonstrates substantial evidence to support the weight assigned to Celestin's opinion.

Accordingly, Plaintiff's Motion on this point should be denied.

III. <u>Failure to consider non-exertional impairments when formulating the residual functional capacity assessment (RFC)</u>

Plaintiff here argues that the ALJ committed reversible error at Step 4 of the process by failing to account for her fibromyalgia symptoms, particularly the non-exertional symptoms such as pain, fatigue, time off task, depression, and issues with concentration, persistence and pace, when formulating her RFC. Plaintiff argues that it was the ALJ's failure at Step 2 to find that Plaintiff's fibromyalgia was a medically determinable impairment that led to this error. Plaintiff further argues that the ALJ's erroneous dismissal of Plaintiff's treating physicians compounded the error.

First, regarding the ALJ's determination of fibromyalgia as a medically determinable impairment, as the undersigned determined in Part I, the ALJ appropriately evaluated Plaintiff's medically determinable impairment of fibromyalgia. The undersigned

7

has likewise found, in Part II, that the ALJ's decision was appropriate regarding weight assigned to the treating physicians. These two findings significantly undercut Plaintiff's argument on this point.

However, the undersigned further finds that rather than failing to consider the impairments, the ALJ instead found that Plaintiff failed to demonstrate that the impairments actually caused the limitations alleged by Plaintiff. As the ALJ stated, "I find that there is no persuasive evidence in the record to establish that fibromyalgia or any symptoms arising thereof continuously cause significant limitations. Thus, while the claimant has been diagnosed with fibromyalgia in the past, I find that it does not affect the claimant's ability to perform basic work-related functions, and is therefore considered non-severe." ECF No. 14 at 17. The ALJ points to specific record evidence to support his determination. Thus, the ALJ did not than fail to consider Plaintiff's impairments. The ALJ in fact considered the impairments and found that they were not so severe as to cause the alleged limitations. The ALJ cited substantial record evidence to support this determination. Given this, under the limited review afforded to this Court, the ALJ's decision should be upheld, and Plaintiff's Motion on this point should be denied.

## RECOMMENDATION

Based upon the foregoing, the undersigned hereby RECOMMENDS that Plaintiff's Motion for Summary Judgment, ECF No. 23, be DENIED, and that Defendant's Motion for Summary Judgment, ECF No. 26, be GRANTED.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C.

§ 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 7th day of August 2020.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Roy K. Altman
All Counsel of Record